BREvakd, J.
I am of opinion, in this case, that the verdict found for the plaintiff, is riot warranted by the evidence given to the j,iry on the trial, and that a- new trial ought to be granted.
^eec* t0 Beverly Sydner in 1806, in trust, for the payment of the plaintiff’s debts, was a bona fide transaction, for all that ap„ pears to the contrary, and operated a legal transfer of the property in question to Beverly Sydner. The deed imports an absolute sale of the property for a valuable consideration. The conditions annexed create a trust. If Sydner had done any thing in violation of his duty, as a trustee, all the parties interested, or any of them, might have called him to account in a court of equity : but the plaintiff having parted with the legal estate, had no more right than a stranger to claim the negroes in.question, as owner from Sydner, or any one else. It is immaterial as regards the present action,, which was trover for-the conversion of the slaves in question, to the injury of the plaintiff, how the defendant got possession of them, or when they were demanded, or whether they were demanded at all. The conversion, although wrongful, as concerns the defendant, cannot be held so in relation to the plaintiff, unless he had some right to the possession of the. slaves. But after the 25th of December, 1807, he could have no such right, without-shewing that he had complied with the condition annexed to the bill of sale to Sydner, which was not pretended.
It has been argued, that Sydner had no right to the possession of the slaves under the bill of sale, as they were never delivered to him. It does not clearly appear who was to have possession until the 25th December, 1807, but it may be inferred that the plaintiff, was to keep possession until then, and if he did not comply with the condition, that Sydner might take possession and execute the trust declared in the deed, or rather bill of sale, for it is not a sealed, paper. It is not important to inquire how Sydner got possession ; but it appears he did get possession of the slaves in the bill of sale, mentioned, by his agent, and might lawfully justify their detention. If he has violated his trust, as it seems he has done, he may be. called to account for it; but the plaintiff in this action has no right to recover damages on that account. But it seems the .defendant got possession fairly, by hiring from the plaintiff prior, to the 25th-Deeember, 1807, and that he had'a right from the plaintiff to keep, possession until that time. After that time the plaintiff ha,d no right to demand the negroes, contrary to the will of the trustee, ,or his attorney. The defendant had authority from Sydner, the-.trustee, to keep them, or dispose’of Ahem, under - the-instrument- w.hieh> *49 created the trust; and the subsequent abuse of his authority could not make him a wrong doer in respect to the plaintiff. If the wrongful conversion had been previous to the 25th December, 1807, the action might have been maintained ; but by the acknowledgement of the plaintiff himself, the defendant had a right to the possession until that time.
By the coükt, unanimously, the motion was granted.